UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MIDWEST MINERALS, INC., )<br>      Plaintiff, )<br> )<br>   vs. )<br> )<br>FRED L. WILSON, RICK JENKINS, )<br>JOSEPH KENWORTHY, MICHAEL )<br>TEWELL, and JAMES CLAYTON, in their )<br>official capacity as members of the Board of )<br>Zoning Appeals of the Area Plan )<br>Department/Commission of Vigo County, )<br>the AREA PLAN )<br>DEPARTMENT/COMMISSION OF VIGO )<br>COUNTY, and its former Executive )<br>Director, TIM PORTER, and present )<br>Executive Director, JEREMY WEIR, )<br>      Defendants. ) | | 2:09-cv-0262-LJM-WGH |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on defendants', Fred L. Wilson, Rick Jenkins, Joseph Kenworthy, Michael Tewell, and James Clayton, in their official capacities as members of the Board of Zoning Appeals of the Area Plan Department/Commission of Vigo County (collectively, the "BZA"), and the Area Plan Department/Commission of Vigo County ("APD"), and its former Executive Director, Tim Porter ("Porter"), and present Executive Director, Jeremy Weir ("Weir") (collectively, the "Defendants"), Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 7. In their first attempt to file suit in this Court, Judge Lawrence dismissed plaintiff's, Midwest Minerals, Inc. ("Midwest Minerals"), Complaint for lack of subject matter jurisdiction (the "First Complaint"). *Midwest Minerals, Inc. v. Fred L. Wilson, et al.*, No. 2:08-cv-400-WTL-WGH (S.D. Ind. June 30, 2009) (entry granting defendant's motion to dismiss); Dkt. No. 7-2.

Midwest Minerals subsequently filed suit in the Vigo County Superior Court, and the Defendants removed the lawsuit to this Court (the "Second Complaint").  Dkt. No. 1.

The Second Complaint contains two counts.  Count I asserts a claim against the BZA under the Indiana Constitution and Indiana Code § 32-24-1-16.  Dkt. No. 1-1.  Count II asserts a claim against the APD under the Indiana Constitution and 42 U.S.C. § 1983.  *Id.*  For purposes of this Order, the Court need only address Midwest Minerals' claim under 42 U.S.C. § 1983.

With respect to all factual allegations in the Second Complaint that do not differ from the First Complaint, the Court adopts Judge Lawrence's recitation of those facts.  *Midwest Minerals, Inc.*, No. 2:08-cv-400-WTL-WGH; Dkt. No. 7-2 at 1-2.  Because Midwest Minerals apparently forgot to include certain factual allegations with regard to APD, the Second Complaint differs from the First Complaint in very few respects.  *See* Pl.'s Response at 6 ("The plaintiff has filed a motion for leave to amend its complaint which sets forth additional factual allegations pertaining to the equal protection claim brought against the **APD** which was inadvertently omitted from the complaint.") (emphasis in original).  Contrary to Midwest Minerals' assertion, the Court's docket does not reflect that a motion has been made to amend the Second Complaint to add additional factual allegations.

In the Second Complaint, Midwest Minerals alleges that it attempted to establish a molecular gate natural gas processing unit (the "Processing Unit") on its property, and that the APD advised Midwest Minerals that it would be necessary to first obtain a special exception under § 18 of the Unified Zoning Ordinance for Vigo County from the BZA.  Dkt. No. 1-1 ¶¶ 5-6.  In addition, Midwest Minerals alleges that the APD allowed other similarly situated entities to proceed without a special exception.  *Id.* ¶ 20.  Accordingly, Midwest

Minerals asserts that APD's actions constitute a denial of equal protection under the law in violation of the Fourteenth Amendment to the Constitution of the United States. *Id.* ¶ 21.

Defendants argue that Midwest Minerals has failed to plead a "bona fide equal protection claim[.]" *Forseth v. Village of Sussex*, 199 F.3d 363, 370 (7th Cir. 2000). As Judge Lawrence noted with respect to the First Complaint, a plaintiff who wishes to challenge a land-use decision by means of an equal protection claim, rather than a takings claim, has a stringent burden:

> Litigants making [bona fide equal protection claims], however, must place them into one of two categories, pleading either: "(1) the malicious conduct of a government agent, in other words, conduct that evidences a spiteful effort to 'get' him for reasons unrelated to any legitimate state objective; or (2) circumstances such as prayer for equitable relief and a claim that would evaporate if the government body treated everyone equally that sufficiently suggest that the plaintiff has not raised just a single takings claim with different disguises."

*Flying J Inc. v. City of New Haven*, 549 F.3d 538, 543 (7th Cir. 2008) (quoting *Forseth*, 199 F.3d at 371); *see Midwest Minerals, Inc.*, No. 2:08-cv-400-WTL-WGH; Dkt. No. 7-2 at 3.

Because Midwest Minerals' Complaint requests damages, not equitable relief, Midwest Minerals attempts to fit the Second Complaint within the first *Forseth* category. However, contrary to Midwest Minerals' assertion, the Second Complaint does not state any factual allegation that could be construed as evidencing malice on the part of the APD. Midwest Minerals only alleges that the APD advised Midwest Minerals to seek a special exception from the BZA, but did not require other similarly-situated entities to do so. Dkt. No. 1-1 ¶ 20. This does not constitute a claim that the APD acted with the malice or spite that is required under *Forseth*, 199 F.3d at 371, to say nothing of overcoming the "presumption of rationality that applies to government classifications." *Flying J*, 549 F.3d

at 546 (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)). Accordingly, in their Second Complaint, Midwest Minerals has not pled a *bona fide* equal protection claim that is "plausible on its face[,]" *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

For the foregoing reasons, the Defendants' Motion to Dismiss with respect to Midwest Minerals' *bona fide* equal protection claim is **GRANTED**. Accordingly, Midwest Minerals' bona fide equal protection claim, as stated in Count II of the Second Complaint, is **DISMISSED WITH PREJUDICE**. In anticipation of the Court's ruling, both parties urged the Court to remand Midwest Minerals' remaining state law claims to state court. Since the Court sees no reason to retain jurisdiction over Midwest Minerals' state law claims, those claims are **REMANDED** to state court. 28 U.S.C. § 1367(c)(3); 28 U.S.C. § 1447(c). Judgment shall enter accordingly.

IT IS SO ORDERED this 26th day of March, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

Leslie C. Shively
SHIVELY & ASSOCIATES
shively@sigecom.net